UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


NIKKI F. BEALER, ET AL                                    CIVIL ACTION

VERSUS                                                    NO. 13-2812

CARDINAL HEALTH 200, LLC, ET AL                           SECTION "C" (5)


**ORDER AND REASONS**[1]

     This removed matter comes before the Court on the issue whether the jurisdictional amount and complete diversity of citizenship existed at the time of removal. Having reviewed the record, the memoranda of counsel, and the applicable law, the Court has determined that remand is appropriate for the following reasons.

     In the state court petition, the plaintiffs seek damages allegedly caused by an accident that occurred on April 20, 2012. Rec. Doc. 1-1, p. 5-8. In May, 2013, this matter was removed on the basis of diversity jurisdiction. Rec. Doc. 1. The parties were instructed that they may not consent to subject matter jurisdiction in this Court.

     The Fifth Circuit has advised the district courts that they should ensure that the federal jurisdictional minimum is established. *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999)*; see also Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir.1999). The removing party's bare assertions of the amount in controversy do not suffice. *Asociacion Nacional de Pescadores A Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 566 (5th Cir.1993), *cert. denied*, 114 S. Ct. 685 (1994), *abrogated on other*

---

[1] Kayla Lawrence, a second-year student at Tulane University Law School, assisted in the preparation of this Order

*grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). Because Louisiana law does not permit a plaintiff to specify the numerical value of claimed damages in her petition, the removing party must show by a preponderance of the evidence that the minimum amount exists. *Luckett*, 171 F.3d at 298; *see also* La.Code Civ. P. art. 893 (West 2012). This showing may be made by: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). It is the removing party's burden "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if the inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296, 58 S. Ct. 586, 594, 82 L. Ed. 845, n.10 (1938) (*citing McNutt v. General Motors Corp.,* 298 U.S. 178, 182-89, 56 S. Ct. 780, 782-85, 80 L. Ed. 1135 (1936); *see also Diefenthal v. C. A. B.,* 681 F.2d 1039, 1052 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983)*.* Removal jurisdiction is strictly construed, and remand is appropriate when subject matter jurisdiction is doubtful. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013)

     The Defendants have not met their burden to show that the jurisdictional amount is facially apparent, nor have they set forth the facts supporting a finding of the jurisdictional minimum. In response to the Court's request for affirmative proof of damages, Defendants Cardinal Health 200, LLC and Greenwich Insurance Company (collectively, "Defendants") referenced a document from the workers' compensation insurer providing a total of $18,919.48. Rec. Doc. 12, p. 4; Rec. Doc. 12-2, Exh. 2. They additionally refer to a document in which the Plaintiff alleged injuries to multiple

parts of her body, but the document does not specify the types of Plaintiff's alleged injuries, the extent of her injuries, or any potential surgeries. Rec. Doc. 12, p. 4-5; Rec. Doc.12-3, Exh. 3. While the Defendants assert that "it is more than reasonable to conclude that the damages sought by Plaintiffs will exceed the jurisdictional limits," the standard requires proof. Rec. Doc. 12, p. 5. If the Court were to rely on these documents, federal jurisdiction would be based on speculation or consent, and neither is permitted. The Defendants also argue that it is facially apparent from the Plaintiff's state court petition "that the claims are likely to exceed $75,000," but the petition does not allege specific injuries. Rec. Doc. 12, p. 5. Fifteen months after the accident, the record lacks any evidence of specific injuries or final prognoses.

In support of diversity jurisdiction, Defendant Albert Perry has submitted a Payment History showing that medical expenses pertaining to the treatment of Plaintiff Nikki Bealer totals $22,798.00 for the period April 2012 through June 2013. Rec. Doc. 20-1, Exh, 1. The document demonstrates that during this period Plaintiff Nikki Bealer received medical treatment from Occupational Health Services, Southern Orthopaedic Specialists, a neurologist, a physical therapist, and Advanced Neurodiagnostic Center. *Id.* The document does not, however, specify injuries, potential surgeries, or whether additional treatment is needed. Because the document only provides proof of expenses that do not exceed the minimum jurisdictional amount, Defendant Perry has not satisfied his burden. *Id.*

Based on the record and the law, the Court finds that the Defendants have not established the jurisdictional amount. Moreover, at this time, complete diversity does not exist between the parties, as Defendant Perry and Plaintiffs are Louisiana residents. Rec. Doc. 1-1, p. 5.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c)

New Orleans, Louisiana, this 19th day of July, 2013.

_____

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**